UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-193-RGJ

MORGAN RAE PETTY     Plaintiff

v.

BLUEGRASS CELLULAR, INC.     Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Bluegrass Cellular, Inc. ("Bluegrass Cellular") moves to dismiss Plaintiff Morgan Rae Petty's ("Petty") Complaint (the "Motion") [DE 4]. Briefing is complete. [DE 5; DE 6; DE 7]. The matter is ripe. For the reasons below, the Court **DENIES** Defendant's Motion to Dismiss. [DE 4].

### I.     BACKGROUND

In August 2016, Caleb Bland, counsel for Benjamin Adkins in *Morgan Rae Petty v. Benjamin Adkins* (Grayson County Civil Court No. 15-CI-00277), subpoenaed Bluegrass Cellular to produce "any and all cell phone records, including but not limited to text messages" associated with Petty's phone number from "January 1, 2015 to present." [DE 4-2]. Bluegrass Cellular complied with the subpoena and produced the records to Mr. Bland. [DE 4-1 at 13].

The parties dispute what happened next. Bluegrass Cellular claims that "Plaintiff was served with notice of the Subpoena in August of 2016 and did not object, served with the production of records pursuant to the Subpoena in September of 2016, and was present at the hearing where the text messages were used as exhibits in November of 2016." *Id.* Petty, on the other hand, claims that she did not: 1) receive the subpoena: 2) know that Mr. Bland obtained her

phone records through subpoena; or 3) learn that they were provided to him until March 20, 2017. [DE 5-1 at 29-30].

On March 18, 2019, Petty filed her *pro se* Complaint in this Court. [DE 1]. In her Complaint, Petty alleged that Bluegrass Cellular "willfully violated the Stored Communications Act . . . when it knowingly divulged the complete contents of [her] text message correspondence to an opposing party in a Civil Action. . . . Bluegrass Cellular also committed Torts §652A (Invasion of Privacy) . . . The Defendant committed Torts §46 Outrageous Conduct causing Severe Emotional Distress." *Id.* at 4. In response to her Complaint, Bluegrass Cellular filed this Motion [DE 4].

## II.  STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

"The statute of limitations is an affirmative defense . . . and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). As a result, "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id.*

### III. DISCUSSION

Bluegrass Cellular argues that Petty's claims should be dismissed because they are "barred by the applicable statute of limitations." [DE 4-1 at 11]. Bluegrass Cellular argues that Petty knew the claimed violations in November 2016 but did not file her Complaint until March 2019. *Id.* at 12. As a result, Bluegrass Cellular contends that Petty's claims are time-barred. *Id.* In the alternative, Bluegrass Cellular argues that Petty's state law claims must be dismissed because they are preempted by the SCA. *Id.*

Petty disagrees, arguing that—because she did not learn of the claimed violations until March 20, 2017—her SCA claim is not time-barred. [DE 5-1 at 30]. Petty does not directly

3

respond to Bluegrass Cellular's arguments about the state law claims or preemption.

As discussed below, neither the SCA claim nor the state law claims are time-barred. Additionally, Petty's SCA claim does not preempt her state law claims.

**A.      Statute of Limitations**

**1.      Stored Communications Act Claim**

"The Stored Communications Act prohibits unauthorized access to certain electronic communications . . . and places restrictions on a service provider's disclosure of certain communications." *Warshak v. United States*, 532 F.3d 521, 523 (6th Cir. 2008). A civil action brought under the SCA "may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C.A. § 2707 (f).

Bluegrass Cellular contends that Petty had "actual notice of, and at least a 'reasonable opportunity to discover,' the alleged SCA violation when she received notice of the Subpoena in August of 2016, when she received copies of the produced documents in September of 2016, and when the produced text messages were used in a hearing at which Plaintiff was present and participated in November of 2016." [DE 4-1 at 16-17]. Petty states that she did not receive actual notice of the violation until March 20, 2017. [DE 5-1 at 29-30]. She also disputes Bluegrass Cellular's claim that she had "a reasonable opportunity to discover the violation" in August 2016. *Id.*

Drawing all reasonable inferences in favor of Petty, the Court cannot find that Petty failed to file her SCA claim within the two-year statute of limitations because the allegations in Petty's Complaint do not "affirmatively show that the claim is time-barred." *Cataldo*, 676 F.3d at 547 (6th Cir. 2012). Bluegrass Cellular argues that this case is much like *O'Dell v. Kelly Servs., Inc.*,

4

No. 15-CV-13511, 2017 WL 676945 (E.D. Mich. Feb. 21, 2017) because there, as here, the plaintiff received notice of the "divulged information" during state-court proceedings. [DE 4-1 at 16]. But, *O'Dell* is distinguishable because, unlike in *O'Dell*, Petty has contested Bluegrass Cellular's claims about when she had a reasonable opportunity to discover the violation. *O'Dell*, 2017 WL 676945 at *10 ("But the . . . [d]efendants point out that their state-court motion for summary disposition, filed on September 6, 2013, attached the Facebook page in question. O'Dell does not address this point. And absent anything from O'Dell, the Court finds that the state-court motion, with the Facebook page attached, would have given her 'a reasonable opportunity to discover the violation'"). On a motion to dismiss, it is inappropriate for the Court to rule based on Bluegrass Cellular's inferences and assumptions. For that reason, the Court will not dismiss the SCA claim.

**2. State Law Claims**

Bluegrass Cellular argues that Petty's claims for invasion of privacy and outrageous conduct are time-barred. [DE 4-1 at 18-19].

a. <u>Invasion of privacy</u>

"Although no Kentucky statute specifically lists invasion of privacy as a claim that must be brought within one year after the cause of action accrues, '[t]he rule is firmly established in Kentucky that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed.'" *Branham v. Micro Computer Analysts*, 350 Fed. Appx. 35, 37 (6th Cir. 2009) (quoting *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir.1978)) (emphasis added).

Bluegrass Cellular represents to the Court that "[c]ourts applying Kentucky law have consistently applied a one-year statute of limitations for invasion of privacy claims." [DE 4-1 at

18].  This proposition, which Bluegrass Cellular supported with a string cite, is an incomplete statement of the law on this issue.  A complete statement of the law is that courts applying Kentucky law have consistently applied a one-year statute of limitations for invasion of privacy claims *when the invasion of privacy claim "springs" from a defamation claim.  See Stanley v. Our Lady of Bellefonte Hosp., Inc.*, No. CIV.A. 11-110-DLB, 2012 WL 4329265, at *12 (E.D. Ky. Sept. 20, 2012) (finding that most cases applying Kentucky's one-year statute of limitations to the invasion of privacy torts do so "only because they sprang from the same conduct underlying the plaintiffs' defamation claims") (collecting cases).  In fact, of the four cases cited by Bluegrass Cellular, two of them reflect this complete statement of the law.  *See Branham*, 350 Fed. Appx. at 38-39 ("[T]he Branhams' claim for the invasion of privacy 'springs' from the same act underlying their claims for libel and slander . . . The one-year statute of limitations governing the first two claims therefore applies to the latter"); *see also Tucker v. Heaton*, No. 5:14-CV-00183-TBR, 2015 WL 3935883, at *7-8 (W.D. Ky. June 26, 2015) (finding "the same one-year statute of limitations that governs defamation claims applie[d]" to plaintiff's invasion of privacy claim because "Tucker's invasion of privacy claim [sprang] from the same acts underlying her defamation claim").

The remaining cases cited by Bluegrass Cellular are unpersuasive.  Although discussing relevant law, *Madison Capital Co., LLC v. S & S Salvage*, LLC, 794 F. Supp. 2d 735 (W.D. Ky. 2011) is not on point because there was not an invasion of privacy claim in that case.  And the Court declines to follow *Lovins v. Hurt*, No. CIV.A. 11-216-JBC, 2011 WL 5592771, at *2 (E.D. Ky. Nov. 16, 2011) because the plaintiff in that case did not bring a claim for defamation and thus the one-year statute of limitations should not have been applied.[1]

---

[1] The *Lovins* court found, without citing any case law, that "No statute of limitations specifically mentions invasion of privacy, so recognizing the similarity between a privacy action and libel or slander action, this

6

Petty has not brought a claim for defamation and therefore she cannot base an invasion of privacy claim on defamation. Thus, Kentucky's five-year statute of limitations applies to the invasion of privacy claim. *See Layman*, 2019 WL 1966123 at *7 (applying five-year statute of limitations to privacy torts) ("Where there is no defamation claim, similar torts like invasion of privacy should not be governed by that statute of limitations"); *Stanley*, 2012 WL 4329265 at *12 (stating in *dicta* that "it is more likely that a stand-alone false light claim is subject to the five-year statute of limitations").

b. Outrageous conduct

In Kentucky, the statute of limitations for an outrageous conduct claim is five years. *Craft v. Rice*, 671 S.W.2d 247, 251 (1984) ("There is a right to be free of emotional distress arising from conduct by another. Because the essence of the tort is the interference with this right and not whether any bodily harm results, the five-year statute of limitations applies"). Bluegrass Cellular argues that "Plaintiff's claim for outrageous conduct in this matter is based on the same conduct underlying her claim for a violation of the SCA and invasion of privacy claim. Plaintiff's outrageous conduct claim would therefore be governed by the shorter one-year invasion of privacy or two-year SCA violation statute of limitations." [DE 4-1 at 19]. *Childers v. Geile*, a case cited by Bluegrass Cellular, is not on point because Petty's claim for outrageous conduct was not pled to "reach the longer statute [of limitations] when the facts support a claim for a more traditional personal injury tort with mental pain and suffering as part of the damages rather than severe emotional distress caused by outrageous conduct." 367 S.W.3d 576, 583-584 (finding that

---

court adopts the one-year statute of limitation for libel and slander." *Lovins*, 2011 WL 5592771 at *2; *But see Layman v. United Parcel Serv., Inc.,* No. 3:17-CV-738-CRS, 2019 WL 1966123, at *7 (W.D. Ky. May 2, 2019) ("The rule in Kentucky is that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed. The rule is *not* that actions are covered by statutes of limitation that are merely similar") (internal citations and quotation marks omitted) (emphasis in original)

summary judgment was proper because the appellants "cannot maintain an intentional infliction of emotional distress claim on the facts of the case"). Nothing in the alleged facts "support a claim for a more traditional personal injury tort." Kentucky's five-year statute of limitations therefore applies to the outrageous conduct claim.

B.      **Preemption of State Law Claims**

The SCA specifies that "[t]he remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter." 18 U.S.C. § 2708. Bluegrass Cellular argues that the plain language of § 2708 demonstrates Congress's intent to preempt the field. [DE 4-1 at 17]. Bluegrass Cellular asserts that because "Plaintiff's claims for invasion of privacy and outrageous conduct are based on the same conduct as her alleged violation of the SCA, Petty's claims are preempted by the express preemption provision of the SCA." *Id.* at 18.

Bluegrass Cellular cites two cases in support of its preemption argument: *Quon v. Arch Wireless Operating Co., Inc.*, 445 F.Supp.2d 1116, 1138 (C.D. Cal. 2006) and *Muskovich v. Crowell*, 1995 U.S. Dist. LEXIS 5899, *3-4 (S.D. Iowa March 21, 1995).[2] Although the courts in these cases found that section § 2708 expressly preempts state law claims, other courts have reached the opposite conclusion. *See In re Nat'l Sec. Agency Telecommunications Records Litig.*, 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007) (finding no express preemption of state law claims); *Bansal v. Russ*, 513 F. Supp. 2d 264, 283 (E.D. Pa. 2007) (finding no express preemption of state law claims) ("Thus, the court holds that the Stored Communications Act does not expressly preempt state law addressing the same subject matter"); *Lane v. CBS Broad. Inc.*, 612 F. Supp. 2d 623, 637 (E.D. Pa. 2009) (finding no express preemption of state law claims) ("In the absence of

---

[2] The Sixth Circuit has not addressed whether the SCA preempts state law claims.

8

any other indication that Congress intended to preempt the entire field at issue in this case, and keeping in mind the rarity with which complete preemption applies, we decline to find that complete preemption applies in this matter").

In *Nat'l Sec. Agency*, the court considered the legislative history[3] of § 2708 and its counterpart, 18 U.S.C. § 2518 (10)(c)[4]. 483 F. Supp. 2d at 939. According to § 2518(10)(c)'s legislative history, "[its purpose] is to underscore that . . . the Electronic Communications Privacy Act does not apply the statutory exclusionary rule contained in title III of the Omnibus Crime Control and Safe Streets Act of 1968 to the interception of electronic communications." *Id.* The court noted that § 2708—in addition to being nearly identical to § 2518(10)(c)—had the same purpose as it. *Id.* ("§ 2708's legislative history adopts § 2518(10)(c)'s discussion [of its purpose] by reference"); *See* H.R. Rep. No. 99-647 at 75 (1986) ("*Proposed section 2708* provides that the remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter. See discussion of section 101(e)[5] of the bill, *supra.*") (emphasis in original). Based on these similarities, the court found that § 2708 and § 2518(10)(c) were "added to the ECPA for a limited purpose: to prevent criminal defendants from suppressing evidence based on electronic communications or customer records obtained in violation of ECPA's

---

[3] Neither of the cases cited by Bluegrass Cellular consider § 2708's legislative history.

[4] 18 U.S.C. § 2518 (10)(c) provides: "The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications."

[5]§101(e) provides: "(e) EXCLUSIVITY OF REMEDIES WITH RESPECT TO ELECTRONIC COMMUNICATIONS.— Section 2518(10) of title 18, United States Code, is amended by adding at the end the following: '(c) The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications.'" H.R. Rep. No. 99-647 at 4 (1986) (capitalization in original).

provisions." *Id.* Therefore, the court found that Congress did not intend for the SCA to completely preempt state law suits. *Id.*

Based on the persuasive precedent of *Nat'l Sec. Agency* and the Sixth Circuit's silence on this issue, the Court finds that Petty's state law claims are not preempted by § 2708 of the SCA.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS AS FOLLOWS**:

(1) Defendant's Motion to Dismiss the Complaint [DE 4] is **DENIED**.