UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-193-RGJ

MORGAN RAE PETTY                                                    Plaintiff

v.

BLUEGRASS CELLULAR, INC.                                          Defendant

* * * * *

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Plaintiff's Request for Leave of Court to Amend Pleadings and Join Additional Defendants [DE 23], Addendum to Plaintiff's Request For Leave to Amend Complaint and Join Defendants [DE 29], Defendant's Motion for Judgment on the Pleadings [DE 31], and Defendant's Motion For Leave to File Third-Party Complaint [DE 21]. The matter is ripe.  [DE 22; DE 24; DE 27; DE 28; DE 30; DE 33; DE 37; DE 41; DE 44].  For the reasons below, Plaintiff's Request is **GRANTED** [DE 23], Plaintiff's Addendum is **GRANTED** [DE 29], Defendant's Motion for Judgment on the Pleadings is **GRANTED IN PART, DENIED IN PART** [DE 31], and Defendant's Motion for Leave is **DENIED** [DE 21].

## I.    BACKGROUND

In August 2016, Caleb Bland ("Bland"), attorney for Benjamin Adkins ("Adkins"), subpoenaed Bluegrass Cellular ("Defendant") to produce "any and all cell phone records, including but not limited to text messages" associated with Morgan Petty's ("Plaintiff") phone number from "January 1, 2015 to present."  [DE 4-2].  Bland intended to use these phone records during a hearing in Grayson County Family Court in *Morgan Rae Petty v. Benjamin Adkins*. Defendant complied with the subpoena and produced the records to Bland.  [DE 31 at 171].

1

On March 18, 2019, Plaintiff filed her *pro se* complaint.  [DE 1].  In her complaint, Plaintiff alleges that Bluegrass Cellular "willfully violated the Stored Communications Act . . . when it knowingly divulged the complete contents of my text message correspondence to an opposing party in a Civil Action. . . . Bluegrass Cellular also committed Torts §652A (Invasion of Privacy) . . . The Defendant committed Torts §46 Outrageous Conduct causing Severe Emotional Distress." *Id.* at 4.

Defendant moved to dismiss, arguing that Plaintiff's claims must be dismissed because they are "barred by the applicable statute of limitations."  [DE 4-1 at 11].  The Court denied the motion.  [DE 8].  After Defendant answered [DE 12], the Magistrate Judge issued a scheduling order.  [DE 15].  The Magistrate Judge later approved the parties' joint motion [DE 17]  to extend the deadline for amendment of pleadings from April 30, 2020 until July 29, 2020.  [DE 18].

On July 29, 2020, Defendant moved for leave to file a third-party complaint against Bland and Zanda Myers ("Myers"), Plaintiff's attorney in the family court case.  [DE 21 at 113].  The next day, Plaintiff moved to amend her complaint to add Bland, Adkins, and the Birdwhistell Bland Law Firm as defendants.  [DE 23 at 130-31].

On August 21, 2020, Plaintiff moved to add against Defendant claims of breach of contract and breach of explicit or implied covenant of good faith and fair dealing.  [DE 29 at 160].  A few days later, Defendant moved for judgment on the pleadings, attaching to its motion four documents related to Plaintiff's family court case:  (1) the subpoena *duces tecum* issued by Bland to Defendant [DE 31-1];  (2) Plaintiff's affidavit from April 2017 [DE 31-2]; (3) a *pro se* brief Plaintiff filed in September 2018 [31-3]; and (4) a pro *se* motion to vacate Plaintiff filed in March 2019 [DE 31-4]. In her response, Plaintiff attached an affidavit she filed in the family court case in July 2020. [DE 37-1].

## II.   DISCUSSION[1]

### A.   Motion to Amend Complaint

Federal Rule 15 provides that "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005)  (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995)  (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

That said, when the deadline established by the court's scheduling order has passed, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. App'x 369, 376 (6th Cir. 2009)  (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003).

---

[1] *Pro se* plaintiffs are "expected to know and adhere to the rules governing litigation in the court." *Williams Huron Gardens 397 Tr. v. Waterford Twp.*, No. 18-12319, 2019 WL 659009, at *1 (E.D. Mich. Jan. 26, 2019).  "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. V. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).  Defendant did not raise new arguments or introduce new evidence in its replies.  [DE 24; DE 41].  As a result, the Court declines to consider Plaintiff's "responses" [DE 28; DE 44] to Defendant's replies.

Plaintiff moves to amend her complaint to assert state-law claims of abuse of process, intentional infliction of emotional distress, and invasion of privacy against Bland and Birdwhistell Bland Law Firm, and intentional infliction of emotional distress and invasion of privacy against Adkins. [DE 23]. Having considered the relevant Fed. R. Civ. P. 15(a) factors, and hearing no objection from Defendant [DE 27], the Court finds that Plaintiff may amend her complaint to add state-law claims against Bland, Adkins, and Birdwhistell Bland Law Firm.

Plaintiff also moves the Court to allow her to file an "addendum" to her motion to amend to add two additional state-law claims against Defendant: "[u]pon new information obtained through the course of discovery, Ms. Petty supplements her July 30, 2020 motion for leave to amend pleadings by request leave to state the following claims against Bluegrass Cellular: (1) Breach of contract; and (2) Breach of explicit or implied covenant of good faith and fair dealing." [DE 29 at 160]. Defendant objects, arguing Plaintiff's request is untimely and procedurally deficient. [DE 30 at 167].

Plaintiff asserts that, although she filed her addendum weeks after the filing deadline, it is not untimely because she filed it based on information she learned during deposition testimony on August 20, 2020. [DE 33 at 213-14]; [DE 33-3 at 228-29]. Plaintiff attached a copy of her proposed amended complaint to her reply. [DE 33-2; DE 33-3]. Plaintiff has shown good cause why she filed her addendum one month after the deadline. *See Amalu v. Stevens Transp., Inc.*, No. 115CV01116STAEGB, 2018 WL 6839036, at *3 (W.D. Tenn. Mar. 27, 2018) ("Delay alone is insufficient to deny a proposed modification under Rule 16") (citing *Moore v. City of Paducah*, 790 F.2d 557, 559–62 (6th Cir. 1986). Defendant has not argued prejudice, and the Court finds that adding two state law claims, based on its own employee's deposition testimony, will not unduly prejudice it. *See Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-CV-0569, 2007

WL 1683668, at *2 (S.D. Ohio June 8, 2007)  (finding good cause because "[P]laintiff, in its reply memorandum, has pointed to specific deposition testimony which it allegedly relies on in asserting its . . . claim . . . [I]t appears that plaintiff did not discover that Mr. Murray actually purchased those shares until after that date. Thus, if these are the facts being used by plaintiff to support its new theory, they were not discovered until after the deadline had passed").

Moreover,  because Rule 15 mandates that leave should be freely given, the Court chooses to exercise its discretion to allow Plaintiff to amend her complaint to add state-law claims of breach of contract and breach of explicit or implied covenant of good faith and fair dealing against Defendant.  Plaintiff has provided notice to the Defendant.  Plaintiff did not unduly delay.  *See Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations*, LLC, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012)  ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed").  Defendant has not established that Plaintiff acted in bad faith, and there have not been repeated failures to cure deficiencies by previous amendments.  The Court has found above that Defendant is not unduly prejudiced.   Finally, the motion to amend is not futile.

## B.      Motion For Judgment on the Pleadings[2]

---

[2] *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 519 (1972).  Yet "the lenient treatment generally accorded to *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001).  Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Fed. R. Civ. P. 12(c)  provides that "a party may move for judgment on the pleadings."  A court is to apply the same standard to a motion for judgment on pleadings that it applies to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).  A motion for judgment on the pleadings may be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

Although a court's decision on a motion for judgment on the pleadings rests primarily on the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account."  *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)  (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) (internal quotation marks omitted).  The Sixth Circuit "ha[s] recognized that if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment."  *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (citation omitted).  "Such public records that a court may consider include documents from other court proceedings." *Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt.*

6

*Specialists, Inc.*, 905 F.3d 421, 425-26 (6th Cir. 2018) (citing *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)).

1.  Stored Communications Act Claim

Defendant argues that Plaintiff's SCA claim fails as matter of law based on 18 U.S.C. §2703(e), the SCA's two-year statute of limitations, and the SCA's "good faith" exception.  [DE 31 at 174-79].

a.  *18 U.S.C. §2703(e)*

18 U.S.C. § 2707(a) states that "[e]xcept as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."  18 U.S.C. § 2703(e) provides that "[n]o cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter."

Defendant argues that 18 U.S.C. §2703(e) "explicitly shields Bluegrass Cellular from the claims asserted by Petty in the Complaint."  [DE 31 at 174].  Plaintiff does not directly address this argument in her response  [DE 37].

The Court disagrees with Defendant: 18 U.S.C. §2703(e) appears to only apply to requests from government entities.  The plain language of 18 U.S.C. §2703(e) limits its applicability to "this chapter," which discusses requests by government entities.  *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 975 (C.D. Cal. 2010)  (§2703(e) "clearly references subpoenas that

governmental entities are authorized under § 2703(b), not civil subpoenas duces tecum"); *see also Food and Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 133 (2000) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme. A court must therefore interpret the statute as a symmetrical and coherent regulatory scheme and fit, if possible, all parts into an harmonious whole" (internal citations and quotations omitted)). Indeed, in the two cases cited by Defendant, the courts applied this exception to requests from government entities. *See Wilson v. Nextel Commc'ns*, 296 F. Supp. 3d 56, 60 (D.D.C. 2017) (exception applied to requests by law enforcement); *Gamboa v. MetroPCS Massachusetts, LLC*, No. CV 16-10742-GAO, 2018 WL 379015, at *1 (D. Mass. Jan. 11, 2018) (exception applied to request by law enforcement).

### b.  *Statute of Limitations*

18 U.S.C § 2707(f) provides that "[a] civil action under this section may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation."

Plaintiffs argues that when she "signed the emergency affidavit in April of 2017, she had just received her former counsels [sic] case file. Having the newly obtained information from the case file, an argument and affidavit were fashioned based upon the 2017 knowledge. The 2016 affidavit was prepared with 2017 hindsight of the 2016 hearing." [DE 37 at 304]. Citing non-binding authority, Defendant argues that, based on court documents it attached to its motion, Plaintiff "had knowledge and a reasonable opportunity to discover the alleged violation" more than two years before she filed her complaint. [DE 31 at 177; DE 41 at 373-76]. Defendant also argues that, even if Plaintiff did not have actual knowledge of the subpoena, she had constructive knowledge of it under Kentucky law because "service of the subpoena on Petty's lawyer on August

30, 2016 was proper and is deemed to be service on Petty." [DE 41 at 375]. Finally, Defendant contends that "Petty also argues that the question of whether or not she actually discovered, or should have discovered, the basis for her claim should be presented to a jury . . . Here, however, there is no question of fact; Petty has repeatedly admitted that both she and her former counsel learned about the disclosure of Petty's text messages on or before November 7, 2016." *Id.* at 376.

Because the documents from the family court case are "court documents," the Court can properly consider them without converting Defendant's motion to one for summary judgment. *See Trupp v. Bank of Am., N.A.,* No. 3:19-CV-00479-GNS, 2020 WL 1815940, at *2 (W.D. Ky. Apr. 9, 2020) (considering "filings and the court records from [plaintiff's] bankruptcy case" when ruling on a motion for judgment on the pleadings); *Watermark*, 905 F.3d at 425-26 ("Such public records that a court may consider include documents from other court proceedings"). That said, the parties disagree about how to interpret the family court documents. Defendant argues that Plaintiff's April 2020 affidavit [DE 31-2] and her filings [DE 31-3; DE 31-4] establish that she learned of the subpoena more than two years before she filed her Complaint. [DE 41 at 370-73]. Plaintiff, on the other hand, asserts that the April 2020 affidavit is not accurate, and that the Court should rely on her July 2020 affidavit [DE 37-1],[3] in which she averred she did not learn about the subpoena until March 2019. [DE 37 at 289-90].

Considering the posture of the case, the leniency afforded to *pro se* plaintiffs, and Plaintiff's July 2020 affidavit, the Court cannot, at this time, find that there are no issues of material fact about when Plaintiff discovered the subpoena. *See Munson Hardisty, LLC v. Legacy Pointe*

---

[3] Defendant correctly notes that "[a] party cannot create a factual dispute by filing an affidavit, after a motion for summary judgment has been made, which contradicts earlier testimony." *Dotson v. U.S. Postal Serv.*, 977 F.2d 976, 978 (6th Cir. 1992). But this rule does not apply here, because Plaintiff filed her affidavit in her family court case, not this case, and did so *before* Defendant moved for judgment on the pleadings.

*Apartments, LLC*, 359 F. Supp. 3d 546, 567 (E.D. Tenn. 2019)  ("Statute-of-limitations defenses are most properly raised in Rule 56 motions, rather than Rule 12(b)(6) or Rule 12(c) motions, because '[a] plaintiff generally need not plead the lack of affirmative defenses to state a valid claim'")  (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012));  *Kinney v. Anderson Lumber Co., Inc.*, No. 18-5146, 2018 WL 7317203, at *4 (6th Cir. Sept. 13, 2018)  ("In general, a motion for judgment on the pleadings is an inappropriate vehicle for dismissing a claim based upon a statute of limitations and we will approve of granting one only if the allegations in the complaint affirmatively show that the claim is time-barred")  (internal quotation marks and citation omitted).

Likewise, the Court cannot find, at this time, that there are no issues of material fact about when Plaintiff "first discovered or had a reasonable opportunity to discover the violation." *See Munson Hardisty*, 359 F. Supp. 3d at 567 (denying motion for judgment on pleadings because "the parties argue disputed facts in this case, including whether final payment to Plaintiff under the Contract was due in August 2009 or upon completion of the loop road in August 2011.  The answers to these questions have bearing on when defendant's alleged breach of contract would have occurred");  *Pearson v. Specialized Loan Servicing, LLC*, No: 1:16-cv-318, 2017 WL 3158791, at *6 (E.D. Tenn. July 24, 2017) ("Whether a plaintiff exercised reasonable diligence and care in discovering that he has a cause of action is a question of fact"); *Zaratzian v. Abadir*, No. 10 CV 9049 VB, 2014 WL 4467919, at *4–5 (S.D.N.Y. Sept. 2, 2014), *aff'd*, 694 F. App'x 822 (2d Cir. 2017) ("[W]hether and when Zaratzian had a reasonable opportunity to discover the violation is a question of fact for the jury");  *see also, Brown v. Am. Broad. Co., Inc.,* 704 F.2d 1296, 1304 (4th Cir.1983) ("The issue of when plaintiff knew, or reasonably should have known of the existence of her cause of action, is a question to be resolved by a jury").

c. *Good faith exception*

Defendant argues that "[it] produced records responsive to the Subpoena to the lawyer who signed and served the Subpoena. [It] acted in good faith in response to the subpoena." [DE 31 at 176]. Plaintiff argues that Defendant did not respond to the subpoena in "good faith." [DE 37 at 291]. She contends that when she later sought to subpoena Adkins' test messages, Defendant informed her that "such records could not be made available because as such a release would be an invasion of privacy and a violation of the SCA." *Id.* Her argument appears to be that Defendant knew it was a violation to release her records because it knew it was a violation to release Adkin's.[4] As a result, Plaintiff asserts that Defendant did not release her records to Bland in good faith. *Id.* ("[Defendant] demonstrated knowledge that releasing records would be an invasion of privacy as it moved to quash Plaintiff['s] . . . request for the same type of records over the same time period. [Defendant] demanded consent of the subscriber when responding to a subpoena issued by [Plaintiff], yet it did not request [her] consent before releasing 38,195 text messages in response to a subpoena for her private correspondence").

The parties dispute whether Defendant acted in "good faith," and therefore, notwithstanding Defendant's persuasive, albeit non-binding authority, it is inappropriate for the Court to grant Plaintiff's motion. *See Bernard v. ADS Sec., L.P.*, No. 5:17-CV-93-TBR, 2017

---

[4] These arguments track her allegations in her amended complaint: "On March 5, 2019, Plaintiff . . . discovered that Bluegrass Cellular willfully violated the Stored Communications Act, 18 U.S.C. § 2701 et seq. when it knowingly [sic] divulged the complete contents of the Plaintiffs [sic] private text message correspondence (38,195 text messages) to an opposing party in a civil action. The Defendant did not have my consent . . . The Defendant went on to argue that it would not produce the subpoenaed text records originated or delivered to the Respondent in the underlying action, causing manifest [sic] injustice . . . Bluegrass Cellular, by counsel, filed a Motion to Quash my subpoena for the Respondent's text records." [DE 33-2 at 225]; *see Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 796 (6th Cir. 2015) ("We accept the allegation that TWC's error resulted in an unauthorized disclosure of plaintiffs' subscriber information to a governmental entity. But, no facts were alleged to suggest that TWC was aware of the error at the time of the disclosure, namely that the information it disclosed was not associated with the IP address that was the subject of the grand jury subpoena").

WL 6604594, at *4 (W.D. Ky. Dec. 22, 2017)  ("The Court will deny ADS's 12(c) Motion for

Judgment on the Pleadings because there remain too many factual disputes for this Court to say

that Plaintiff's Complaint does not state a claim that is plausible on its face");  *Fritz v. Charter

Twp. of Comstock*, 592 F.3d 718, 729 (6th Cir. 2010)  ("Because Plaintiff's factual allegations are

sufficient to raise more than a mere possibility of unlawful First Amendment retaliation on the part

of the Defendants, the district court erred in granting the motion to dismiss on the pleadings as to

that part of the complaint").   It is enough that Plaintiff has plausibly alleged that Defendant

knew—based on its actions in response to her subpoena for Adkins' records—"not only that it was

divulging information (*i.e.,* that the act of disclosure was not inadvertent), but also what

information was being divulged (*i.e.,* the facts that made the disclosure unauthorized)." *Long v.

Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 797 (6th Cir. 2015);  [*see* DE 33-2 at 225].

    2.  Invasion of Privacy Claim

      Plaintiff asserts a state law claim against Defendant for invasion of privacy.  [DE 33-2 at

225].  Plaintiff appears to allege that Defendant invaded her privacy by intruding on her seclusion

and by giving publicity to a matter concerning her private life.  *Id.* To state a claim for intrusion

upon seclusion, a plaintiff must plead: "1) an intentional intrusion by the defendant, (2) into a

matter the plaintiff has a right to keep private, (3) which is highly offensive to a reasonable person."

*Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003)  (citing Restatement

(Second) of Torts § 652B).  To state a claim for giving publicity to a matter concerning private

life, a plaintiff must plead that: (1) there is publicity; (2) the facts disclosed concern the private life

of an individual; (3) the matter publicized is highly offensive and objectionable to a reasonable

person of ordinary sensibilities; (4) the publication must have been made intentionally, not

negligently; and (5) the matter publicized must not be a legitimate concern to the public.  *See*

*Patrick v. Cleveland Scene Pub. LLC*, 582 F. Supp. 2d 939, 955 (N.D. Ohio 2008), *aff'd*, 360 F. App'x 592 (6th Cir. 2009)  (citing Restatement (Second) of Torts § 652D (1977)); *see also McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981)  (adopting "principles of [tort of invasion of privacy] as enunciated in the Restatement (Second) of Torts").

Defendant argues that "Petty's state law claim for invasion of privacy . . . fails as a matter of law" because it did "not give publicity to her text messages.  Bluegrass Cellular produced Petty's text message records in response to a subpoena from Adkins' lawyer and only produced the records to him, a single person."  [DE 31 at 179].  Plaintiff did not address these arguments in her response. [DE 37].

In support of this claim, Plaintiff alleges:

On March 5, 2019, Plaintiff 'Ms. Petty' discovered that Bluegrass Cellular willfully violated the Stored Communications Act, 18 U.S.C. § 2701 et seq. when it knowlingly [sic] divulged the complete contents of the Plaintiffs private text message correspondence (38,195 text messages) to an opposing party in a civil action. The Defendant did not have my consent. Bluegrass Cellular also committed Torts§ 652A (Invastion [sic] of Privacy), damanges [sic] for both violations are ongoing. The Defendant went on to argue that it would not produce the subpoenaed text records originated or delivered to the Respondent in the underlying action, causing manifesst [sic] injustice. Bluegrass Cellular's violations impacted the outcome of the underlying child custody action and provided unwarranted access to the Plaintiffs private affairs and correspondence.

[DE 33-2 at 225].

Even when considered under the more lenient standard applied to *pro se* litigants, Plaintiff's "conclusory allegations" are insufficient to state a claim under either theory of invasion of privacy.  *Leisure*, 21 Fed. App'x 277, 278 (6th Cir. 2001)  ("[]The less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations").  Plaintiff has failed to allege the essential elements of a claim for intrusion of seclusion and giving publicity to a matter of private life.

Moreover, Plaintiff's claim for intrusion of seclusion fails as a matter of law because Bluegrass Cellular, as the keeper of Plaintiff's cell phone records, could not have intentionally intruded upon her privacy by accessing the very records it possessed.  *See Pearce v. Whitenack*, 440 S.W.3d 392, 401 (Ky. Ct. App. 2014) ("The defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs") (quoting Restatement (Second) of Torts § 652B cmt. c (1977)).  Her claim for giving publicity to a private matter also fails as a matter of law because disclosing her records to Bland, a single individual, does not constitute "publicity."  *See* Restatement (Second) of Torts § 652D cmt. a ("'Publicity' . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge").  As a result, even considering Plaintiff's allegations under the *pro se* standard and in a light most favorable to her, the Court dismisses Plaintiff's claim for invasion of privacy against Defendant.

    3.  <u>Intentional Infliction of Emotional Distress Claim</u>

Plaintiff asserts a state law claim of intentional infliction of emotional distress against Defendant.  [DE 33-2 at 225].  To state a claim for intentional infliction of emotional distress, a plaintiff must plead that:  (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there was a causal connection between the wrongdoer's conduct and emotional distress; and (4) the emotional distress was severe.  *See Kroger Co. v. Willgruber,* 920 S.W.2d 61, 65 (Ky.1996).

Defendant contends that "Petty has not alleged and it is not plausible that Bluegrass Cellular moved to quash her subpoena only to cause extreme emotional distress to Petty.  Petty

also cannot establish the elements required under Kentucky law." [DE 31 at 181]. Plaintiff did

not address these arguments in her response. [DE 37].

> In support of this claim, Plaintiff alleges:
>
> The Defendant went on to argue that it would not produce the subpoenaed text records originated or delivered to the Respondent in the underlying action, causing manifest [sic] injustice. Bluegrass Cellular's violations impacted the outcome of the underlying child custody action and provided unwarranted access to the Plaintiffs private affairs and correspondence. Bluegrass Cellular, by counsel, filed a Motion to Quash my subpoena for the Respondent's text records. The Defendant committed Torts § 46 Outrageous Conduct causing extremely Severe Emotional Distress.

[DE 33-2 at 225].

Even when considered under the more lenient standard applied to *pro se* litigants,

Plaintiff's "conclusory allegations" are insufficient to state a claim for under either theory of

invasion of privacy. *Leisure*, 21 Fed. App'x 277, 278 (6th Cir. 2001). Plaintiff has failed to

allege the essential elements of a claim for intentional infliction of emotional distress. *See Courser*

*v. Michigan House of Representatives*, 831 F. App'x 161, 183 (6th Cir. 2020) (affirming dismissal

of claim for intentional infliction of emotional distress where plaintiff only alleged that "[a]s the

result of wiretapping and surveillance and then publishing information, [he] has suffered severe

emotional distress").

Plaintiff has also not plausibly alleged that moving to quash a subpoena constitutes

"outrageous and intolerable" conduct "that . . . offends against the generally accepted standards of

decency and morality." *See Willgruber,* 920 S.W.2d at 65. Nor has she plausibly alleged that

Defendant's disclosure of the records to Bland in response to a subpoena is "outrageous and

intolerable conduct." *See Pierce v. Commonwealth Life Ins. Co.*, 825 F. Supp. 783, 789 (E.D. Ky.

1993), *aff'd*, 40 F.3d 796 (6th Cir. 1994 ("Kentucky courts have taken a very restrictive view in

delineating the type of 'outrageous'"); *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 4 (Ky.

1990) (holding that nurses' conduct was not "outrageous," even though one nurse told plaintiff, after she delivered a still born child unassisted into a bed pan, to "shut up," and even though the other nurse told plaintiff in response to her question about what was to become of the stillborn fetus, "Honey, we dispose of them right here at the hospital"). As a result, even considering Plaintiff's allegations under the *pro se* standard and in a light most favorable to her, the Court dismisses Plaintiff's claim for intentional infliction of emotional distress against Defendant.

**C.      Motion to File Third-Party Complaint**

A defendant may serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff." *Baker v. Moors*, 51 F.R.D. 507, 509 (W.D.Ky. 1971); *see Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir.2008) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit").

When, as here, a defendant seeks to file a third-party complaint more than fourteen days after filing its original answer, it must first request the court's permission. Fed. R. Civ. P. 14(a)(1). The decision whether to grant leave to file a third-party complaint is within the discretion of the trial court. *Gutierrez-Morales v. Planck*, 318 F.R.D. 332, 334 (E.D. Ky. 2016) (citing *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960).

Defendant "moves for leave to file a third-party complaint against two individuals who may be liable for all or part of the Plaintiff's . . . state law claims for invasion of privacy and intentional infliction of emotional distress against Bluegrass Cellular, Caleb Bland and Zanda

Myers." [DE 21 at 113]. Defendant asserts that "if Bluegrass Cellular is found liable to the plaintiff, Bluegrass Cellular would be entitled to be indemnified by Mr. Bland and/or Ms. Myers for some or all of any sum or sums that it must pay to Plaintiff. This claim should entitle Bluegrass Cellular to an apportionment instruction under KRS 411.18." [DE 21-1 at 118].

Defendant's motion is premised on the possibility that it may be liable to Plaintiff for her state-law claims. [*See* DE 21-1 at 118 ("[I]f Bluegrass Cellular is found liable to the plaintiff, Bluegrass Cellular would be entitled to be indemnified by Mr. Bland and/or Ms. Myers for some or all of any sum or sums that it must pay to Plaintiff")]. But, because the Court has dismissed Plaintiff's state-law claims against Defendant, Defendant cannot be held liable for them, and therefore the Court denies the motion for leave to file a third-party complaint against Bland and Meyers without prejudice as moot. *See Vaughn v. Konecranes, Inc.*, No. CIV.A. 5:14-136-DCR, 2015 WL 3453457, at *2 (E.D. Ky. May 29, 2015), *aff'd sub nom. Konecranes, Inc. v. Cent. Motor Wheel of Am., Inc.*, 642 F. App'x 554 (6th Cir. 2016) ("In addressing common law indemnity claims under Kentucky's common law, courts have repeatedly recognized liability as a prerequisite); *Clark v. Hauck Mfg. Co.,* 910 S.W.2d 247, 253 (Ky.1995) ("Indemnity is not an issue until fault has been determined . . . There can be no indemnity without liability"); *Poole Truck Line, Inc. v. Commonwealth,* 892 S.W.2d 611, 614 (Ky. App. 1995) ("Both indemnity and contribution depend upon liability by one or both parties to the original claimant who suffered the original loss. Without such liability, there is no independent right to indemnity or contribution."); *see also Am. Zurich Ins.,* 512 F.3d at 805 (6th Cir. 2008) (A "third-party complaint is in the nature of an indemnity or contribution claim. Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim").

### III.    CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS AS FOLLOWS**:

(1)   Plaintiff's Request for Leave of Court to Amended Pleadings and Join Additional Defendants [DE 23] is **GRANTED**.

(2)       Plaintiff's Addendum to Plaintiff's Request For Leave to Amend Complaint and Join Defendants [DE 29] is GRANTED.  The Clerk is **DIRECTED** to file on the docket Plaintiff's Amended Complaint [DE 33-2; DE 33-3], attached as Exhibit B and Exhibit C to this Motion.

(3) Defendant's Motion for Judgment on the Pleadings [DE 31] is **GRANTED IN PART, DENIED IN PART**.

(4)   Defendant's Motion For Leave to File Third-Party Complaint [DE 21] is **DENIED WITHOUT PREJUDICE AS MOOT**.