UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-193-RGJ

MORGAN RAE PETTY                                                                                    Plaintiff

v.

BLUEGRASS CELLUAR, INC.                                                                        Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Bluegrass Cellular, Inc's ("Defendant's") Partial Motion to Dismiss Plaintiff Morgan Rae Petty's ("Plaintiff's") Amended Complaint. [DE 75]. The matter is ripe. [DE 79; DE 84]. For the reasons below, Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint [DE 75] is **GRANTED**.

### I.     BACKGROUND

In August 2016, Caleb Bland, attorney for Benjamin Adkins, subpoenaed Defendant to produce "any and all cell phone records, including but not limited to text messages" associated with Morgan Petty's ("Plaintiff") phone number from "January 1, 2015 to present." [DE 4-2]. Bland intended to use these phone records during a hearing in Grayson County Family Court in *Morgan Rae Petty v. Benjamin Adkins*. Defendant complied with the subpoena and produced the records to Bland. [DE 31 at 171].

In March 2019, Plaintiff filed her *pro se* complaint. [DE 1]. In her complaint, Plaintiff alleges that Bluegrass Cellular "willfully violated the Stored Communications Act . . . when it knowingly divulged the complete contents of [her] text message correspondence to an opposing party in a Civil Action. . . . Bluegrass Cellular also committed Torts §652A (Invasion of Privacy) . . . The Defendant committed Torts §46 Outrageous Conduct causing Severe Emotional Distress."

1

*Id.* at 4. Plaintiff later successfully moved to amend her complaint to add claims against Defendant of breach of contract and breach of good faith and fair dealing. [DE 29 at 160]. Defendant now moves to dismiss those claims. [DE 75].

## II.     STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents

an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims of breach of contract and breach of good faith and fair dealing. [DE 75].

1. Breach of contract

Plaintiff asserts a state law claim against Defendant for breach of contract. [DE 72-1 at 949]. To state a claim for breach of contract, a plaintiff must plead: " (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss to plaintiff." *Sudamax Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007).

Defendant argues that Plaintiff's claim must be dismissed by Plaintiff failed "to attach a copies of the purported contracts in question, explain their absence, quote their specific terms, quote the dates the parties entered into the contracts, or identify the specific provisions of the contracts allegedly breached." [DE 75 at 966]. Defendant further argues:

> [T]he Amended Complaint lacks any allegations regarding these basic elements of a breach of contract claim. Ms. Petty's Amended Complaint fails, on its face, to satisfy the first and second elements, showing the existence of a contract or that Bluegrass breached the contracts. Ms. Petty asserts Bluegrass "knowingly divulged" the content of her text messages in response to an August 2016 subpoena. Ms. Petty vaguely refers to a "subscriber agreement" with Bluegrass. (72-1 at p. 1). She also proclaims Bluegrass "failed to adhere to its own consumer-facing privacy policy." (Id.). Ms. Petty, however, does not provide any details about the alleged contracts, much less set forth the language of the contractual provisions allegedly breached. Ms. Petty does not offer any specifics tying the alleged contracts to Bluegrass's production of text message content. language of the contractual provisions allegedly breached. Ms. Petty does not offer any specifics tying the alleged contracts to Bluegrass's production of text message content.

*Id.* at 969.

> In support of this claim, Plaintiff alleges:
>
> Through the course of discovery in this action, Plaintiff uncovered new information suggesting that Bluegrass Cellular breached explicit and implied terms of the subscriber agreement made between Plaintiff and Bluegrass Cellular Inc., a wireless communications telecom company. Bluegrass Cellular Inc. also failed to adhere to its own consumer-facing privacy policy . . . Bluegrass Cellular Inc. failed to disclose the material fact that it had breach contract terms and its good faith duties under its customer-facing policies, intentionally committing fraudulent omission.

[DE 72-1 at 949].

In her response,[1] Plaintiff details the terms of her alleged contract with Bluegrass and describes how Bluegrass allegedly breached them. [DE 79 at 985-88]. Yet these allegations cannot supplement the insufficient ones in the Amended Complaint. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint"); *see also Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint"). Even when considered under the more lenient standard applied to *pro se* litigants, Plaintiff's "conclusory allegations" are insufficient to state a claim for breach of contract. *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001) ("[T]he less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support

---

[1] Plaintiff attached five exhibits to her response. [DE 79-2; DE 79-3; DE 79-4; DE 79-5; DE 79-6]. But the Court cannot consider these exhibits because "while documents attached to a pleading become part of that pleading, documents attached in response to a motion to dismiss are merely 'matters outside the pleadings' and are not to be considered in evaluating the motion's merits." *Simon Prop. Grp., L.P. v. CASDNS, Inc.*, No. 3:14-CV-566-CRS, 2015 WL 3407316, at *3 (W.D. Ky. May 26, 2015)

4

conclusory allegations"). Plaintiff has failed to sufficiently allege the essential elements of a claim for breach of contract. As a result, the Court grants Defendant's Motion as to this claim.

2. Breach of good faith and fair dealing

Plaintiff asserts a claim against Defendant of breach of good faith and fair dealing. [DE 72-1 at 949]. Defendant argues that Plaintiff's "'claim' for breach of good faith and failing dealing should be dismissed as there is no independent tort for breach of the implied duty of good faith and fair dealing under the facts alleged. Outside of insurance contracts, 'violation of the good faith covenant alone does not give rise to an independent cause of action.'" [DE 75 at 969]. Plaintiff responds that "[c]onsumers, including Ms. Petty, expect this good faith disclosure of privacy breaches by companies we entrust our private communications and electronic storage to. Providers of electronic communication and storage services and consumers have a 'special relationship' (as defined by courts) that give rise to an implied good faith duty." [DE 79 at 990-91]. Thus, Plaintiff argues, "Bluegrass Cellular had an implied duty to inform Ms. Petty of the unauthorized disclosure of her private information and communications, yet intentionally refused to communicate this information so imperative to any consumer." *Id.* at 991.

The Court agrees with Defendant. "Kentucky does impose an obligation of good faith and fair dealing in performing a contract. But Kentucky law does not provide a cause of action for a breach of good faith and fair dealing outside the insurance context." *Bennett v. Bank of Am., N.A.*, 126 F. Supp. 3d 871, 881 (E.D. Ky. 2015); *see Davidson v. Amer. Freightways, Inc.,* 25 S.W.3d 94, 102 (Ky.2000) ("[T]he tort of 'bad faith' appl[ies] only to those persons or entities (and their agents) who are engaged . . . in the business of entering into contracts of insurance") (internal quotations omitted)); *see also Ennes v. H & R. Block E. Tax Servs., Inc.,* 2002 WL 226345, at *4 (W.D.Ky. January 11, 2002) ("Kentucky courts have not extended the tort action for breach of the

5

covenant of good faith and fair dealing to non-insurance contracts"). Because Kentucky law "does not provide a cause of action for a breach of good faith and fair dealing outside the insurance context," and this is not a case involving an insurance dispute, Plaintiff's claim fails as a matter of law. As a result, the Court grants Defendant's Motion as to this claim.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS AS FOLLOWS**:

(1) Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint [DE 75] is **GRANTED.**

Rebecca Grady Jennings, District Judge
United States District Court

September 28, 2021