UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00193-RGJ-LLK

MORGAN RAE PETTY                                                                                                PLAINTIFF

v.

BLUEGRASS CELLULAR, INC.                                                                                 DEFENDANT

**OPINION & ORDER**

Judge Rebecca Grady Jennings referred this matter to U.S. Magistrate Judge Lanny King for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, resolution of all non-dispositive matters, including discovery issues, and to conduct a settlement conference in this matter at any time. [DN 9].

This matter is now before the Court on three Motions to Compel: two from Plaintiff, and one from Defendant Bluegrass Cellular.

First, on September 24, 2021, Plaintiff filed her Motion to Compel Deposition Testimony, Written Discovery Responses and Document Production of Defendants Caleb Bland and Bland & Birdwhistell PLLC, [DN 135], and of Defendant Benjamin Adkins, [DN 136]. On October 1, 2021, Defendants Bland and Bland & Birdwhistell PLLC filed their response. [DN 140]. And on October 15, 2021, Defendant Benjamin Adkins filed his response.[1] [DN 146].

Second, on October 15, 2021, Defendant Bluegrass Cellular, Inc. filed its Motion to Compel Production of Plaintiff's March 20, 2017 Communications. [DN 145]. Plaintiff did not respond.

---

[1] On September 29, 2021 Defendant Benjamin Adkins filed his Motion for Extension of Time to File Response. [DN 138]. And on October 1, 2021, the Court granted that motion. [DN 139].

1

The Motions are now fully briefed and ripe for adjudication. For the reasons set forth herein, Plaintiff's Motion to Compel Production from Defendants Bland and Bland & Birdwhistell PLLC, [DN 135], is **DENIED,** Plaintiff's Motion to Compel Production from Defendant Benjamin Adkins, [DN 136], is **DENIED,** and Defendant's Motion to Compel Communications, [DN 145], is **GRANTED.**

1. **Plaintiff's Motion to Compel *Deposition Testimony, Written Discovery Responses and Document Production of Bland and Adkins* by Plaintiff**

Plaintiff's Motion to Compel Deposition Testimony, Written Discovery Responses and Document Production of Defendants Caleb Bland and Bland & Birdwhistell PLLC, [DN 135], and of Defendant Benjamin Adkins, [DN 136], rest on procedurally distinct but substantively identical issues.[2] This Court will discuss each in turn.

Motion to Compel Bland.

> Plaintiff's motion seeks to compel Defendant Caleb Eland's testimony regarding (1) communications with, instructions to and correspondence between Bland and any other agents of Bland & Birdwhistell, PLLC as it relates to the subpoena used to obtain Plaintiff's private text message correspondence; (2) distribution or instructions for distribution of Plaintiff's private correspondence; (3) use of the private text messages in the underlying Morgan Petty v. Benjamin Adkins case; (4) handling of the underlying child custody matter; (5) any known intentions or motives of other parties or agents of Bland & Birdwhstell, PLLC throughout their actions as cited by Plaintiff in this case; (5) structure of the law firm to which Bland is a member (apparently now the sole owner and member according to testimony of Barry Birdwhistell); (6) changes to the structure and ownership/membership of the law firm as well as reasons for these changes as it may relate to this action; and (7) the law firm's storage of files and information/evidence security measures.

---

[2] This opinion shall discuss only the deposition testimony requested by Plaintiff. While her briefing contains reference to insufficient written discovery, Plaintiff provides no indication of what materials are sought. Thus, this Court cannot compel discovery. Similarly, Plaintiff argues that privilege has been waived. [DN 135 at 8; 136 at 13]. Plaintiff cites no authority, provides no evidence, and makes no colorable argument as to why privilege would be waived, or what documents she should receive if it were.

[DN 135 at 6]. Defendant correctly argues that "Plaintiff has no legal basis for her request to depose Caleb Bland a second time." [DN 140 at 1-2]. Except for topics five, six, and seven, the information requested has already been received. [DN 140 at 2-4]. This Court fails to see how topics five or six could be relevant: the structure of a law firm does not plainly relate to the claims or defenses of this case. And, while it is a low bar, the movant of a motion to compel bears the burden of demonstrating relevance. *Hadfield v. Newpage Corp.*, 2016 WL 427924, at 3 (W.D. Ky. Feb. 3, 2016). As for topic seven on the firm's storage of files and security measures, Plaintiff has not made the relevance clear, makes no specific request, and has sought the information from other avenues, thus it cannot justify the redeposition of Bland. [DN 135 at 6, 9].

Motion to Compel Adkins.

> Adkins was instructed by his attorney not to provide deposition testimony pertaining to the following: (1) child custody matters or court rulings directly influenced or caused by the conduct of the defendants cited in this action; (2) any parental alienation efforts by Adkins or his knowledge of others' efforts to alienate the Plaintiff as a parent in any way; (3) intentions of Adkins leading up to, during and after any actions against Ms. Petty as cited in this case; (4) any and all benefits gained by Mr. Adkins as a result of his conduct against Ms. Petty; and (5) Adkins's knowledge of any and all benefits gained by any other party as a result of the defendants' actions against Ms. Petty as cited in this case.

[DN 136 at 6]. Plaintiff characterizes the deposition, and it's suspension by Defendant, as follows:

> During the September 10, 2021, deposition of Defendant Adkins, conducted by Ms. Petty, counsel for Adkins repeated threatened to terminate said deposition, even leaving the room and, later, instructing his client to leave the room, and instructing Adkins not to answer questions directly related to Ms. Petty's claims and Adkins's relevant knowledge.

*Id*. The transcript does not support this description. [DN146-1 at 22-23, 34-35, 120-121]. The record shows that Defendant's attorney in this case was patient, respectful, and in compliance with

3

the Federal Rules of Civil Procedure. [DN 146-1]. While Plaintiff characterizes Defendant's statements as 'threats' this Court finds that the statements by Defendant's were appropriate and fair warnings, necessary to limit, and ultimately suspend, the deposition under Federal Rule of Civil Procedure 30(d)(3)(A). Adequate grounds exist where the deposition was being conducted in bad faith. *Id.* And here, the questions were egregious and clearly irrelevant. [DN 146 at 2; 146-1 at 22-23, 34-35, 120-121]. For this reason, the Court orders the deposition terminated.[3] **FED. R. CIV. P. 30(d)(3)(B).** The Deposition may only be resumed by court order and this Court declines to do so. *Id.* Plaintiff's briefing makes clear that Plaintiff intends to continue the same line of questioning.

2. **Motion to Compel *Production of Plaintiff's March 20, 2017 Communications* by Defendant Bluegrass Cellular**

The Court has ruled on these issues. On April 2, 2021, this Court ruled that these communications are relevant and are not privileged. [DN 92 at 7-8]. Plaintiff was ordered at that time to produce the relevant materials. And on September 20, 2021, this Court held a conference, in part, to discuss the continued delinquency in production of these materials. [DN 128]. The discussion appeared to resolve the Pro Se Plaintiff's confusion. The Pro Se Plaintiff represented that she would produce these files, thus, the Court took no further action on the issue. [DN 130]. Plaintiff has continued to withhold these files. Defendant is correct, that under Federal Rule of Civil Procedure 37(a)(5)(A), the Court must award the payment of expenses. [DN 145 at 5-6]. The rules recognize that this payment is not justified if "circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(iii). Here, where Plaintiff is Pro Se, it is just to provide

---

[3] Plaintiff provides identical requests for sanctions in both motions. [DN 135 at 6-7; 136 at 11]. Plaintiff believes the suspension of Defendant Adkins deposition was inappropriate, but for the reasons stated herein, this is not the case. Thus, both requests must be denied.


additional time.  While sanctions will not be ordered, the Court will reconsider this issue if Plaintiff does not timely comply with this order.

### 3. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**: Plaintiff's Motion to Compel Production from Defendants Bland and Bland & Birdwhistell PLLC, [DN 135], is **DENIED,** Plaintiff's Motion to Compel Production from Defendant Benjamin Adkins, [DN 136], is **DENIED,** and Defendant's Motion to Compel Communications, [DN 145], is **GRANTED.**

**IT IS SO ORDERED.**

January 21, 2022

Lanny King, Magistrate Judge
United States District Court

c:  Morgan Rae Petty, *pro se*
    Counsel of Record