UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-193-RGJ

MORGAN RAE PETTY                                                            Plaintiff

v.

BLUEGRASS CELLUAR, INC.,                                                Defendants
CALEB BLAND,
BENJAMIN ADKINS, and
BLAND & BIRDWHISTELL, PLLC

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Before the Court are various motions and objections filed by Plaintiff Morgan Rae Petty

("Petty"), Defendant Bluegrass Cellular, Inc ("Bluegrass Cellular"), and Defendants Caleb T.

Bland and Bland & Birdwhistell PLLC ("Bland Defendants").  [DE 80; DE 85; DE 87; DE 88; DE

89; DE 90; DE 100; DE 101; DE 103; DE 106; DE 142; DE 143; DE 144; DE 157; DE 159].  The

parties having filed responses and replies, these matters are ripe.  [DE 83; DE 99; DE 102; DE

104; DE 105; DE 107; DE 108; DE 109; DE 110; DE 111; DE 113; DE 114; DE 116; DE 117; DE

120; DE 148; DE 149; DE 150].

For the reasons below, the Bland Defendants' Motion to Dismiss [DE 80] is **GRANTED**.

Bluegrass Cellular's Motion for Summary Judgment [DE 85] is **GRANTED**. Petty's Motion for

Summary Judgment [DE 89], is **DENIED**.  Bluegrass Cellular's Motion for Leave to Supplement

Motion for Summary Judgment [DE 142] is **DENIED**, Motions for Leave to Seal Documents [DE

87; DE 103], are **DENIED AS MOOT**, and Motion to Exclude Certain Opinions of Plaintiff's

Expert [DE 88] is **DENIED AS MOOT**.  Petty's Motion to Exclude Expert Opinions [DE 90],

Motion to Keep Materials Under Seal and to File Specific Materials Under Seal in the Case that

1

Filing is Necessary [DE 100], Motion for Leave to Seal Documents [DE 106], and Motion to Seal Deposition Transcript [DE 159] are **DENIED AS MOOT**.  Petty's Motion to Reconsider Partial Dismissal of Contract Claims Against Bluegrass Cellular based on Newly Discovered Evidence [DE 143] and Motion for Leave to Amend Complaint [DE 144] are **DENIED**. Petty's "Rule 72(b)(2) Partial Objections to Honorable U.S. Magistrate Judge Lanny King's April 2, 2021 Order" [DE 101] and Partial Objections to Magistrate Judge King's January 21, 2022 Order [DE 157] are **DENIED AS MOOT**.

## I.     BACKGROUND

In August 2016, Caleb T. Bland ("Bland"), attorney at Bland & Birdwhistell, PLLC and counsel for Benjamin Adkins ("Adkins"), subpoenaed Bluegrass Cellular to produce "any and all cell phone records, including but not limited to text messages" associated with Petty's phone number from "January 1, 2015 to present" ("Subpoena").  [DE 4-2].  Bland intended to use these phone records in a child custody action *Morgan Rae Petty v. Benjamin Adkins* in Grayson County Family Court.  Bluegrass Cellular complied and produced the records to Bland.  [DE 31 at 171].

In March 2019, Petty filed her *pro se* complaint.  [DE 1].  The complaint alleged that Bluegrass Cellular "willfully violated the Stored Communications Act . . . when it knowingly divulged the complete contents of [her] text message correspondence to an opposing party in a Civil Action. . . . Bluegrass Cellular also committed Torts §652A (Invasion of Privacy) . . . The Defendant committed Torts §46 Outrageous Conduct causing Severe Emotional Distress." *Id.* at 4.  Petty later successfully moved to amend her complaint to add claims against Bluegrass Cellular of breach of contract and breach of good faith and fair dealing.  [DE 29 at 160].  On motion for judgment on the pleadings and later motion to dismiss, the Court dismissed all but the Stored Communications Act claim against Bluegrass Cellular.  [DE 71; 137].

Petty then amended her complaint again to add the Bland Defendants, alleging abuse of process, invasion of privacy, and intentional infliction of emotional distress ("IIED").  [DE 72-1 at 950-53].  Petty added two claims against Adkins as well: Invasion of Privacy and IIED.  [*Id.* at 951-52].  The second amended complaint alleges that the Subpoena was too broad and an abuse of the subpoena process that invaded her privacy and inflicted emotional distress.  [*Id.* at 950-53].  This case is now before the Court on the motions and objections set forth above.

### III.   DISCUSSION

1. <u>Motion to Reconsider [DE 143] and Motion to Amend [DE 144].</u>

Because Petty has moved to amend her Complaint, the Court first considers this motion. *See Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078 (E.D. Tenn. Feb. 19, 2010), at \*1, *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).  *See also AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 943 (W.D. Tenn. 2010) (observing that the court must consider a motion to amend before a dispositive motion, and the court should consider whether amendment is futile – if so, the pertinent cause of action cannot survive a motion to dismiss).  Petty moves the Court to reconsider the partial dismissal of her contract claims.  [DE 143 at 2025; DE 144].  She argues that, although the court dismissed the breach of contract claim for failure to establish the requisite elements, she has obtained has new evidence through discovery that supports the claim: a legible version of Bluegrass Cellular's subscriber agreement.  [DE 143 at 2025-28].  Bluegrass Cellular asserts that Petty's deadlines to amend have passed, she has not shown good cause, has unduly delayed, and her claims are futile. [DE 148 at 2320-27; DE 149 at 2362-66].

I.      Standard

"The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b)."[1]  *McCormack v. City of Westland, MI*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); Fed. R. Civ. P. 54(b)). When "there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice," reconsideration may be justified.  *Id.* (citing *Rodriguez*, 89 F. App'x at 959). The Court notes that there has not been an intervening change in controlling law, a clear error of law, or manifest injustice, nor have the parties raised these issues.  *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion."  *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).  "In deciding whether to grant a motion to amend, courts should

---

[1] Petty states that "Courts generally review 'motions to reconsider' under Rule 59(e)."  [DE 143 at 2026]. "However, Rule 59(e) does not provide an appropriate means to challenge a non-final order."  *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 13547825, at *1 (W.D. Ky. Aug. 4, 2015) (citing *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015)). As there has been no final order or judgment, the Court cannot consider Petty's motion under Rule 59.  *See Davey v. St. John Health*, 297 F. App'x 466, 469 (6th Cir. 2008) (when a plaintiff's case has remaining claims, an order of dismissal as to less than all defendants is not a final order); *see also Edmonds v. Rees*, No. 3:06-CV-P301-H, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008) ("both Rule 59 and Rule 60 are only applicable to final orders or judgments"); Fed. R. Civ. P. 54(b).  Although the Court cannot consider Petty's motion under Rule 59(e), it will treat her pleading liberally, as she is *pro se*, and consider her motion under the appropriate authority, common law, and Rule 54(b).

consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough*, 427 F.3d at 1001 (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64 (2007)). The moving party has the burden of proving that no claim exists. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc.*, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended

complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

"*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory" and "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Child.*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

## II.    Breach of Contract Claim

The Court dismissed Petty's breach of contract claim because her conclusory allegations could not support her claim; she included no factual allegations in her Complaint or Amended Complaint. [*See* DE 137 at 1980-81]. Now, Petty asks the Court to consider her "newly discovered" evidence: copies of Bluegrass Cellular's Customer Service Agreement and Privacy

Policy.  [DE 143 at 2025-27].  Petty argues that these documents are the contract between the parties.  [*Id.*].  Petty states that Bluegrass Cellular provided these documents to her when they complied with discovery requests in September 2021.  [*Id.* at 2027; DE 143-2; DE 143-3].

The Customer Service Agreement produced by Bluegrass Cellular in September 2020 [DE 149-2 at 2381] in response to Petty's request for "[t]erms of subscriber agreements" is as argued by Petty: the illegible signed copy.  [DE 143 at 2027; DE 149-1 at 2375].  Bluegrass Cellular argues that it produced the most legible version of the document it had, and that Petty did not request "a blank template" until September 2021, which they produced days later.  [DE 149 at 2360].  This "blank template" appears to contain legible terms of the subscriber agreement Petty signed with Bluegrass Cellular.  Thus, the Court determines that Petty did not have the legible version of the subscriber agreement available to her at the time of the previous motion to dismiss and, as a result, the Court may appropriately consider the subscriber agreement, as Petty refers to it in her Amended Complaint.  [DE 72-1 at 949].  *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment).  With the availability of this new evidence, the Court finds that reconsideration of the claim's dismissal is warranted.

To state a claim for breach of contract, a plaintiff must plead: "(1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss to plaintiff."  *Sudamax Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007).  In Kentucky, "an enforceable contract must contain definite and certain terms setting forth promises of performance to be rendered by each party." *Kovacs v. Freeman*, 957 S.W.2d 251, 254

(Ky. 1997); *Seye v. Richardson*, No. 2:14-CV-38-EBA, 2015 WL 3887053, at *1 (E.D. Ky. June 23, 2015). As a *pro se* litigant, the Court affords Petty some leeway in setting forth her claims but must not rely on bare legal conclusions. *Simmons v. Countrywide Home Loans*, No. 3:09-00621, 2010 WL 1408592, at *3 (M.D. Tenn. Feb. 25, 2010), *report and recommendation adopted,* No. 3:09-0621, 2010 WL 1408595 (M.D. Tenn. Apr. 5, 2010).

Bluegrass Cellular argues that Petty fails to state a claim for relief on her breach of contract claim because "she does not even identify a single provision of the contracts allegedly breached [or] offer any specifics tying the contracts to Bluegrass Cellular's production of text message content." [DE 149 at 2365]. In her motion to reconsider, Petty identifies Bluegrass Cellular's subscriber agreement as the breached contract and argues that the provision breached is the "Terms and Conditions of Service." [DE 143 at 2025-28]. The subscriber agreement does not appear to incorporate the privacy policy, nor has Petty attached the Terms of Service. As a result, Petty's allegations are still insufficient because they fail to identify the breached provisions of the alleged contract. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993), *and Leisure*, 21 F. App'x at 278. Plaintiff has failed to sufficiently allege the essential elements of a claim for breach of contract. As a result, Petty's Motion to Reconsider Partial Dismissal of Contract Claims Against Bluegrass Cellular [DE 143] is **DENIED**. For the same reason, Petty's breach of contract claim would be futile, and thus her request for leave to amend her complaint [DE 144] is also **DENIED**.[2]

---

[2] As the Court is denying the motion on futility grounds, it need not consider Bluegrass Cellular's assertions of undue delay, and whether the motion would also be barred on such grounds. *See, e.g.*, *Vansteenkiste v. Lakeside Mall, LLC*, No. 12-CV-15055, 2014 WL 2744172, at *11 (E.D. Mich. June 17, 2014).

2.  <u>Motion to Dismiss by the Bland Defendants [DE 80].</u>

Petty brings three claims against the Bland Defendants: alleging abuse of process, invasion of privacy, and IIED.  [DE 72-1 at 950-53].  The Bland Defendants move to dismiss, arguing that these claims are barred by the statute of limitations and Petty cannot establish a prima facie case for each claim.  [DE 80 at 1022].  Petty argues that her claims are not barred because a five-year statute of limitations applies, the Discovery Rule and the Doctrine of Equitable Tolling apply, and she has pled sufficient facts to establish her prima facie case.  [DE 83 at 1041, 1047-49]

   *I.   Standard*

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party.  *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).  "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). Discussing the plausibility requirement in the context of claim of discrimination, the Sixth Circuit noted:

> [T]he Supreme Court established a "plausibility" standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims . . .[t]hus, although the Amended Complaint need not present "detailed factual allegations," it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, 679, 129 S. Ct. 1937, that [the defendant] "discriminate[d] against [the plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin.". . . According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

*Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (some internal citations omitted).

Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.     *Practice of Law Statute of Limitations*

The Bland Defendants argue that because Petty failed to bring her claims within one year of injury, they are barred by the statute of limitations that applies to acts arising from professional services.   [DE 80-1 at 1024-25].   Petty responds by arguing that the appropriate statute of limitations is five years based on the limitations period for the individual claims, and because of the discovery rule and doctrine of equitable tolling.   [DE 83 at 1047-49].

KRS § 413.245, governs statute of limitations for malpractice actions in Kentucky:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable . . . a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

The statute includes two separate limitations periods.   The first period requires that plaintiffs file actions within one year of the "occurrence" or cause of action that gives rise to the claim.   The second period incorporates a discovery rule and provides that the action is filed within one year "from the date when the cause of action was, or reasonably should have been, discovered by the party injured" if that date is later in time.   *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 270–71 (Ky. Ct. App. 2005); *Michels v. Sklavos*, 869 S.W.2d 728, 730 (Ky. 1994).

It is uncontested that Petty's claims arise from the acts of the Bland Defendants in rendering legal services for Mr. Adkins when they issued the Subpoena.   [DE 80-1 at 1021-22; DE 83 at 1039-43].   The applicable statute of limitations is therefore KRS § 413.245 as Petty's claims arise from the provision of professional legal services and Petty must have filed her claims within one year of the accrual of her injury.   *Seiller Waterman, LLC v. RLB Properties, Ltd.*, 610 S.W.3d 188, 203 (Ky. 2020), reh'g denied (Sept. 24, 2020) ("a civil action commenced against an attorney arising out of *any* act or omission in rendering, or failing to render, professional services for others

must be brought within one year" and holding that the one-year statute of limitations applies to nonclients (emphasis in original)).

Petty argues that the discovery rule applies because the Bland Defendants have refused to provide her with copies of the records that they produced in response to the Subpoena, and therefore she has been "prevented [] from discovering the complete injury, the harm from which is ongoing and has been continually amplified." [DE 83 at 1047-48]. This rule is incorporated into the statute of limitations codified at KRS § 413.245, as mentioned above. "[T]he discovery rule can only come into play once a cause of action arises, which can only happen when the injury becomes fixed." *Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 151 (Ky. 2007). Petty states she was aware of documents produced in response to the Subpoena "in September of 2016," and "discover[ed] the existence of Mr. Bland's subpoena to Bluegrass Cellular Inc. in March of 2017." [DE 83 at 1040].[3]   Whether Petty received copies of all of the Subpoena response, would not change whether she had discovered her cause of action, as she knew about the Subpoena response in March 2017 and her injury was fixed at that time. *See Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 408 (6th Cir. 2002). Petty did not sue until March 2019, and she did not amend her Complaint to bring claims against the Bland Defendants until August 2020. [DE 1; DE 23]. The limitations period began to run when Petty discovered her cause of action. *Nicely v. McBrayer, McGinnis, Leslie & Kirkland*, 163 F.3d 376, 385–86 (6th Cir. 1998) (citing *Michels v. Sklavos*, 869 S.W.2d 728, 730 (Ky. 1994)). Even taking the latest date Petty states she discovered the Subpoena and earliest date of filing, Petty was aware of her injury – the

---

[3] Petty argued in her response to Bluegrass Cellular's motion for judgment on the pleadings that she did not learn of the subpoena until March 2019. [DE 37 at 289-90; 37-1].

Subpoena – in March 2017 and sued in March 2019.[4]  [DE 1; DE 83 at 1040].  March 2017 is more

than one year before March 2019, and Petty's claim is thus barred by the statute of limitations.

Petty argues the Doctrine of Equitable Tolling pauses the statute of limitations on her cause

of action because:

> (1) Mr. Bland and the firm actively misled the client [sic] by representing that the
> [sic] manipulated, disorganized and incomplete copies of records produced
> moments before a hearing were a complete and accurate copy of the records that
> had been received in response to the subpoena issued by Mr. Bland to bluegrass
> Cellular Inc.; (2) The plaintiff was prevented from asserting her rights without an
> ability to discover the complete harm or injury from the Defendants' abuse of
> process, invasion of privacy and ongoing emotional distress; (3) The Plaintiff was
> timely in presenting her arguments, considering the extremely limited information
> available at the time, regarding abuse of process, invasion of privacy and intentional
> infliction of emotional distress in the underlying court presiding over the child
> custody action, which was eventually revealed to her as an inappropriate forum to
> seek recovery.

[DE 83 at 1048-49].  In Kentucky state courts, "[e]quitable tolling pauses the running of, or tolls,

a statute of limitations when a litigant has pursued his rights diligently but some extraordinary

circumstance prevents him from bringing a timely action." *Williams v. Hawkins*, 594 S.W.3d 189,

193 (Ky. 2020) (internal quotation omitted).  For equitable tolling to apply to a Kentucky state law

cause of action, a plaintiff must prove that: "(1) that she 'has been pursuing her rights diligently,

and (2) that some extraordinary circumstance stood in her way." *Williams*, 594 S.W.3d at 194

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Both "are elements that must be shown,

not merely factors to be considered." *Williams*, 594 S.W.3d at 194.

It is unclear whether the doctrine of equitable tolling applies to professional malpractice

actions in Kentucky.  *See Estill Cty. Bd. of Educ. v. Zurich Ins. Co.*, 84 F. App'x 516, 520 (6th Cir.

2003).  Assuming it does, Petty has not proven that she has pursued her rights diligently or that

---

[4] As discussed below, there is evidence that Petty knew of the Subpoena in November 2016, but for the
purposes of the motion to dismiss, the Court uses March 2017, the date that Petty stated in her response to
the motion to dismiss that she learned of the Subpoena.  [DE 83 at 1040].

some extraordinary circumstance stood in her way.  Petty argues that the Bland Defendants have not produced complete copies of the text messages, and thus she has not seen the full extent of her damages.  If this can be interpreted as an argument that some extraordinary circumstance stood in her way and that the Bland Defendants' actions prevented her from suing, she has not argued facts establishing a connection between the Bland Defendants' actions and her own failure to file suit within the statute of limitations.  *See Chandler v. Louisville Jefferson Cty. Metro Gov't*, No. 3:10-CV-470-H, 2011 WL 781183, at *5 (W.D. Ky. Mar. 1, 2011) ("equitable tolling is appropriate where a defendant obstructs the prosecution of an action through concealment or obstruction"), *and Blanton v. Cooper Indus., Inc.*, 99 F. Supp. 2d 797, 803 (E.D. Ky. 2000) (citing *Reuff-Griffin Decorating Co. v. Wilkes*, 173 Ky. 566 (1917) ("The statute cannot be tolled without at least some connection" between defendants' actions and plaintiff's failure to file within the statute of limitations).  Petty also argues that she was timely, but she does not advance an argument that the statute of limitations should be tolled or that she has been pursuing her rights diligently.  Her bare assertion that she was timely, is not enough to support her argument that statute of limitations need be tolled.  Petty shows neither element required for equitable tolling.  Petty's claims are thus not timely and are barred by the statute of limitations for acts arising from professional services and are not tolled.[5]

Because her claims against the Bland Defendants are time barred, Petty's complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  As a result, Bland Defendants' Motion to Dismiss the Plaintiff's Complaint [DE 80] is **GRANTED** and the claims against the Bland Defendants are **DISMISSED**.

---

[5] Although the Bland Defendants also argue that Petty cannot establish a prima facie case for each claim against them, [DE 80 at 1022], because the Court dismisses these claims as time barred, the Court does not consider these arguments.

3. Motions for Summary Judgment [DE 85; DE 89].

Bluegrass Cellular moved for summary judgment on the Stored Communications Act claim remaining against it, arguing that it responded to the Subpoena in good faith and that Petty did not file her claim within the two-year statute of limitations. [DE 85 at 1057-58]. Bluegrass Cellular also argues that it did not have the requisite intent, Petty consented to the disclosure, cannot recover damages, and the Rooker-Feldman Doctrine prohibits her from recovering. [*Id.* at 1069–81]. Petty argues that she is entitled to summary judgment because Bluegrass Cellular divulged the contents of around 38,000 of her text messages without her consent. [DE 89 at 1278].[6]

    *I.    Standard*

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could

---

[6] The Court first considered whether it lacked jurisdiction under the Rooker-Feldman Doctrine, as Bluegrass Cellular raised the issue. [DE 85 at 1080-81]. Bluegrass Cellular argued that this doctrine prohibits Petty from recovering, because the source of her damages are the Grayson Circuit Court's rulings in her custody lawsuit, and her claims assume that those rulings were not just. [*Id.*]. The Rooker–Feldman doctrine would preclude this Court from "hear[ing] claims that were actually litigated" or "inextricably intertwined" with adjudication by a state's courts. *Patmon v. Michigan Supreme Ct.*, 224 F.3d 504, 510 (6th Cir. 2000); *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000). Claims are "inextricably intertwined" where "federal relief can only be predicated upon a conviction that the state court was wrong." *Parkview Associates Partnership*, 225 F.3d at 325. But Petty is neither attempting to appeal a state court decision, nor is her relief hinged on this Court determining that "the Grayson Circuit Court's rulings in the Custody Lawsuit . . . were not just." [DE 85 at 1081]. The Rooker-Feldman doctrine thus does not preclude this Court from hearing the claims.

find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *See Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008); *see also Adams v. Metiva*, 31 F.3d 375, 384 (6th Cir. 1994). The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1); *see also Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 131–32 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## II. *Stored Communications Act*

Both Petty and Bluegrass Cellular move for summary judgment on the Stored Communications Act claim remaining against Bluegrass Cellular. [DE 85; DE 89].

Title II of the 18 U.S.C.A. § 2701, the Electronic Communications Privacy Act, more commonly known as the Stored Communications Act ("SCA"), "regulates the disclosure of electronic communications and subscriber information." *Guest v. Leis*, 255 F.3d 325 (6th Cir. 2001) (citing 18 U.S.C. § 2701 *et seq.*).  Under the SCA, a public electronic communication service "shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C.A. § 2702(a)(1).  The SCA further provides a civil cause of action: "in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind."  *Id.* § 2707(a).

There are various exceptions to this general prohibition from divulgence of communications.  Among these exceptions is subscriber consent.  *Id.* § 2702, § 2707 (b)(3).  Under § 2703(e), the SCA provides immunity to public electronic communication services under certain circumstances:

> No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter.

*Id.* § 2703(e).  The SCA also has a good-faith provision:

> (e) Defense. --A good faith reliance on--
> (1) a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization (including a request of a governmental entity under section 2703(f) of this title) . . .
> is a complete defense to any civil or criminal action brought under this chapter or any other law.

*Id.* § 2707(e).  Finally, any civil action brought under the SCA "may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation."  18 U.S.C.A. § 2707 (f).

a. *§ 2707(f) Statute of Limitations*

Bluegrass Cellular argues that it is entitled to summary judgment because Petty's claims are time-barred; Petty sued in March 2019, but had actual or constructive knowledge "no later than November 7, 2016." [DE 85 at 1076-77].  Bluegrass Cellular states that the Adkins subpoena was issued and served in August 2016.  [DE 113 at 1761].  Petty states in response to the Bland Defendants' motion to dismiss that she was aware of documents produced in response to the Subpoena "in September of 2016," and "discover[ed] the existence of Mr. Bland's subpoena to Bluegrass Cellular Inc. in March of 2017." [DE 83 at 1040].[7]  Petty argues that despite this "she was entirely prevented from discovering the complete harm and injury . . . until May of 2020" when Bluegrass Cellular provided her "complete copies of all files produce in response to" the Subpoena.  [DE 105 at 1529-30].  Petty also argues that the discovery rule and doctrine of equitable tolling apply.  [DE 120 at 1827-28].

A lawsuit brought under the SCA "may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C.A. § 2707 (f).

Petty has stated multiple times that she knew of text messages produced in response to the Subpoena by November 2016.  In an affidavit in support of her motion for a protective order in the child custody action, Petty stated that she:

> did not personally know my mobile phone records were subpoenaed until the day of and just before the hearing set on November 7, 2016; and . . . was not furnished with copies of my subpoenaed mobile phone records until the day of and just before the hearing set on November 7, 2016.

---

[7] Again, the Court notes Petty's earlier argument that she did not learn of the subpoena until March 2019. [DE 37 at 289-90; 37-1].

[DE 85-14 at 1152].  In response to Bluegrass Cellular's motion for judgment on the pleadings, Petty stated that "select records [responsive to the subpoena] were presented [to her] on November 7, 2016."  [DE 37 at 294].  In her motion for summary judgment, Petty stated that "moments prior to" a hearing "on November 7, 2016 . . . Bland presented Ms. Petty and her former counsel with only select, manipulated, disorganized pages of some of Ms. Petty's private text message context." [DE 89 at 1265].  In a later deposition, Petty agreed that she saw some texts produced in response to the Subpoena on the day of the hearing, November 7, 2016.  [DE 85-11 at 1140-43].  Petty argues in response that her claims are not barred "she was entirely prevented form discovering the complete harm and injury . . . until May of 2020" when Bluegrass Cellular "provide[d] complete copies of all files produced in response" to the Subpoena.  [DE 105 at 1529-30].  Petty argues that the Discovery Rule applies because she "had no way to know that Bluegrass had ever been issued a subpoena or that it had any reason to violate the stored communications act."  [*Id.* at 1533].  She adds that she filed her complaint "2-years from the date in which she first had the opportunity to discover Bluegrass Cellular's involvement and violation."  [*Id.*].

The "discovery rule" traditionally tolls a cause of action until the date plaintiff discovers their injury.  *Mooneyham v. GLA Collection Co.*, No. 1:14-CV-179-GNS-HBB, 2015 WL 3607647, at *2 (W.D. Ky. June 8, 2015).  "A cause of action 'is deemed to be discovered when, in the exercise of reasonable diligence, it could have been discovered.'"  *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422 (6th Cir. 2015) (quoting *Gabelli v. S.E.C.*, 568 U.S. 442 (2013)).  The SCA incorporates the discovery rule by stating that a claim must be commenced within two years of when "claimant first discovered or had a reasonable opportunity to discover the violation."  18 U.S.C.A. § 2707 (f).  Petty first discovered her claim in November 2016.  She argues that, even so, she did not discover the full harm until 2020, because Bluegrass Cellular did not provide her

19

with full copies of their responses to the Subpoena.  [DE 105 at 1529-30].  Still, Petty had "first discovered" the alleged SCA violation by November 2016, when she saw texts produced in response to the Subpoena.

Bluegrass Cellular also argues that Petty's attorney's knowledge of the Subpoena should be imputed to her.  [DE 85 at 1076-77].  Regardless of her attorney's knowledge or Petty's constructive knowledge, Petty knew of the Subpoena by November 2016.  She sued March 2019. [DE 1].  The limitations period for a claim brought under the SCA is two years.  § 2707 (f).  March 2019 is more than two years after November 2016.  Petty's SCA claim is barred by the statute of limitations.

Petty argues that the equitable tolling statute applies for three reasons: the Bland Defendants misled her, she has been unable to discover her complete harm because Bluegrass Cellular has not provided her with copies of their responses to the Subpoena, and she "was timely in presenting all hindsight information that was made available to her at the time in the underlying *Morgan Petty v. Benjamin Adkins* action, Grayson County, Ky. Ms. Petty, acting pro se at the time, was unaware that the venue was improper for relief on the claims asserted in this action."  [DE 105 at 1531-33].

When determining whether to apply the equitable tolling doctrine, the Sixth Circuit considers the following factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) (quoting *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)).  "Absent compelling equitable considerations, a

court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Petty does not argue her lack of actual or constructive knowledge of the filing requirement; she argues that she timely asserted her rights. [DE 105 at 1531]. This argument only suggests that the statute need not be tolled rather than advancing Petty's argument that the statute should be equitably tolled. Similarly, Petty does not advance arguments related to the lack of prejudice to Bluegrass Cellular.

Petty also argues that the Bland Defendants "misled [her]" and that she "was prevented from asserting her rights without an ability to discovery the complete harm or injury." But this did not prevent her from discovering her claim against Bluegrass Cellular, who disclosed her information once in response to a subpoena, as statutory damages under the SCA are assessed per violation, not per text message. *See, e.g.*, *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 2d 417 (S.D.N.Y. 2010); *In re Hawaiian Airlines, Inc.*, 355 B.R. 225 (D. Haw. 2006); *Aguiar v. MySpace LLC*, No. CV1405520SJOPJWX, 2017 WL 1856229 (C.D. Cal. May 5, 2017).

Petty also states facts related to her diligence pursuing her rights by submitting a timeline detailing her activities relative to this case. [DE 105 at 1529-31]. This timeline includes that Petty was "provided with select, disorganized, manipulated and uncertified pages of printed text messages" on November 7, 2016, that she filed a bar complaint against Bland in April 2017, her "diligent outreach" to the Bland Defendants, and that she received the Subpoena responses in May 2020. [*Id.*]. While the Court is persuaded that Petty was communicating with the Bland Defendants to obtain copies of the responses to the Subpoena, it is not persuaded that these efforts merit equitable tolling.

Petty also argues that she was reasonable in remaining ignorant of the legal requirement for filing. She states that she "was timely in presenting all hindsight information that was made available to her at the time in the underlying . . . action" and that she, "acting *pro se* at the time, was unaware that the venue was improper for relief on the claims asserted in this action." [*Id.* at 1532]. Because "ignorance of the law . . . is not sufficient to warrant equitable tolling," *Graham-Humphreys*, 209 F.3d at 561, Petty's third argument that she was "unaware that the venue was improper for relief" cannot excuse her failure to file within the limitations period. [DE 105 at 1533]. *See also Young v. Cabinet for Health & Fam. Servs.*, No. 3:11-CV-00598-CRS, 2013 WL 5437914, at *4 (W.D. Ky. Sept. 27, 2013).[8]

The material facts over which there is no genuine dispute over statute of limitations entitles Bluegrass Cellular to summary judgment on Petty's Stored Communications Act claim. As a result, the Court **GRANTS** Bluegrass Cellular's Motion for Summary Judgment [DE 85] and **DENIES** Petty's partial Motion for Summary Judgment [DE 89].

4.  Defendant Adkins and Remaining Motions

Having dismissed the Bland Defendants and Defendant Bluegrass, the Court, as is its duty, sua sponte considers its jurisdiction over the remaining defendant. *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138 (6th Cir. 1996). Petty alleges two state law claims against Adkins, Invasion of Privacy and IIED. [DE 72-1 at 951-52].

The statutory basis for this court's supplemental jurisdiction over state-law claims is set forth in 28 U.S.C.A. § 1367. "[D]istrict courts have broad discretion in deciding whether to

---

[8] Bluegrass Cellular also argues that it is entitled to summary judgment because it did not have the requisite knowledge in responding to the Subpoena, because it responded to the Subpoena in good faith, and because Petty is not entitled to the damages she seeks. [DE 85 at 1057-81]. Although it appears that Bluegrass Cellular improperly disclosed the contents of Petty's text messages, because the Court has dismissed her claims under statute of limitations, the Court does not consider these arguments.

exercise supplemental jurisdiction." *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999).  Section 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over related state claims if "the district court has dismissed all claims over which it has original jurisdiction."  When deciding to exercise supplemental jurisdiction, a court should consider the "values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The balance of these interests weighs in favor of declining supplemental jurisdiction. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996), *amended on denial of reh'g,* No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]"); *see also Cirasuola v. Westrin*, 124 F.3d 196 (6th Cir. 1997); *and Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) ("Generally, if the federal claims are dismissed before trial the state claims should be dismissed as well." (internal citations omitted)).  The Court declines to exercise supplemental jurisdiction.  Therefore, Petty's state law claims against Defendant Adkins are **DISMISSED** without prejudice.

Having dismissed all Defendants, the Court **DENIES AS MOOT** all remaining motions.[9]

---

[9] The Court considered whether granting the remaining motions would change its analysis of the motions for Summary Judgment, particularly the objections to the Magistrate Judge's Opinion and Orders.  The Court has reviewed the motions.  Granting them would not change the Court's analysis or ruling.

## IV.    CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS**

**ORDERED** as follows:

(1)    The Bland Defendants' Motion to Dismiss [DE 80] is **GRANTED**;

(2)    Bluegrass Cellular's Motion for Summary Judgment [DE 85] is **GRANTED**;

(3)    Bluegrass Cellular's Motion for Leave to Seal Document [DE 87] is **DENIED AS MOOT**;

(4)    Bluegrass Cellular's Motion to Exclude Certain Opinions of Plaintiff's Expert [DE 88] is **DENIED AS MOOT**;

(5)    Petty's Motion for partial Summary Judgment [DE 89] is **DENIED**;

(6)    Petty's Motion to Exclude Expert Testimony [DE 90] is **DENIED AS MOOT**;

(7)    Petty's Motion to Keep Materials Under Seal and to File Specific Materials Under Seal in the Case that Filing is Necessary [DE 100] is **DENIED AS MOOT**;

(8)    Petty's Objections to DE 92 Magistrate Judge's Opinion & Order [DE 101] are **DENIED AS MOOT**;

(9)    Bluegrass Cellular's Motion for Leave to Seal Document [DE 103] is **DENIED AS MOOT**;

(10)    Petty's Motion for Leave to Seal Document [DE 106] is **DENIED AS MOOT**;

(11)    Bluegrass Cellular's Motion for Leave to File Supplement to Motion for Summary Judgment [DE 142] is **DENIED**;

(12)    Petty's Motion to Reconsider Partial Dismissal of Contract Claims Against Bluegrass Cellular Based on Newly Discovered Evidence [DE 143] is **DENIED**;

(13)    Petty's Motion for Leave to Amend Complaint [DE 144] is **DENIED**;

(14)    Petty's Objections to DE 156 Magistrate Judge's Opinion and Order [DE 157] are

**DENIED AS MOOT;**

(15)    Petty's Motion to Seal Deposition Transcript [DE 159] is **DENIED AS MOOT**

Rebecca Grady Jennings, District Judge

United States District Court

March 10, 2022

Cc:     Counsel of record

25