UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-193-RGJ

MORGAN RAE PETTY                                                                                         Plaintiff

v.

BLUEGRASS CELLUAR, INC.,                                                                         Defendants
CALEB BLAND,
BENJAMIN ADKINS, and
BLAND & BIRDWHISTELL, PLLC

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Caleb T. Bland and Bland & Birdwhistell PLLC ("Bland Defendants") submitted a Bill of Costs and Motion for Costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. [DE 162]. Plaintiff Morgan Rae Petty ("Petty") Objected [DE 167]. This matter is ripe. For the reasons below, the Bland Defendants' Motion for Costs [DE 162] is **GRANTED**.

### I.      BACKGROUND

The Court set forth the background in its Order on motion to dismiss, motion for summary judgment, and motion to amend, and incorporates that background. [DE 160]. Petty sued the Bland Defendants *pro se* for abuse of process, invasion of privacy, and intentional infliction of emotional distress. [DE 1; DE 72]. In the Memorandum Opinion and Order on the parties' various motions, the Court granted the Bland Defendants' Motion to Dismiss.[1]  [DE 160; DE 161].

---

[1] Petty also named multiple other parties and claims, which the Court dismissed at various stages of the litigation. Petty's response stated, "this Court entered judgment dismissing the Plaintiff's claims against the Defendants without prejudice." [DE 167]. This statement is incorrect. Only Defendant Benjamin Adkins was dismissed without prejudice; the other defendants were dismissed with prejudice. [DE 160; DE 161].

1

### III.   STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).  This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).  The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)).  The Supreme Court has held that a district court may award costs only for those elements in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)).  "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's

costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

## IV.  DISCUSSION

The Bland Defendants request costs for depositions transcripts used in the case totaling $2,916.70 and attach invoices. [DE 162 at 2472]. Petty objects, arguing that she has appealed the judgment before this motion for costs, and moved to file *in forma pauperis*. [DE 167 at 2492]. The Court denied Petty's motion to file *in forma pauperis,* and Petty paid the appeal fee. [DE 168; DE 170]. She contends she cannot pay the costs submitted by the Bland Defendants, and this inability "is directly related to some of the many damages suffered and cited by Plaintiff in this case." [DE 167 at 2494]. Petty also argues that Fed. R. Civ. P. 54(d)(1) allows the Court discretion to deny costs and that the Court "made some judicial errors" giving rise to her appeal, so she requests deferral of the costs. [DE 167 at 2493-94].

Petty cites no authority that supports that the Bland Defendants would not be entitled to their costs in this situation and Rule 54 provides for costs "[u]nless a federal statute, these rules, or a court order provides otherwise." She cites no federal statute, civil rule, or court order that provides otherwise. Nor has Petty shown that this is like any of the situations in which the Sixth Circuit has held it would be appropriate for the Court to use its discretion to refuse costs. Furthermore, "district courts throughout this Circuit have routinely rejected the argument that the taxation of costs should await the conclusion of an appeal." *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013), *aff'd,* 582 F. App'x 657 (6th Cir. 2014). And by litigating her claims, Petty assumed the risks inherent to litigation.

These risks include imposing costs. *See Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001) ("The partial lifting of the subsidy previously enjoyed by prisoner-litigants does not deny them access to the courts, except that, like all poor persons, their access is restricted because they must weigh the risks and rewards of trying their claims in court."(citing *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (stating that imposing costs against indigent prisoner makes them "like anybody else")).

The Court thus overrules Petty's objections [DE 167], grants the Bland Defendants' Motion for Costs [DE 162], and orders Petty to pay costs to the Bland Defendants.

## IV.  CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants Caleb Bland and Bland & Birdwhistell, PLLC's Motion for Costs [DE 162] is **GRANTED**;

(2) Plaintiff Morgan Petty **SHALL** pay Defendants Caleb Bland and Bland & Birdwhistell, PLLC their costs to the amount of $2,916.70. Payment to Defendants Caleb Bland and Bland & Birdwhistell, PLLC shall be forwarded to counsel of record within thirty days of the entry of this Order.

Rebecca Grady Jennings, District Judge
United States District Court

November 30, 2022

Cc: Counsel of record